Charles J. HAWKINS, on behalf of himself and all others similarly situated; William J. Cusick, on behalf of himself and all others similarly situated; Michelle E. Cusick, on behalf of herself and all others similarly situated; Maria C. Brooks, Plaintiffs–Appellants

v.

JP MORGAN CHASE BANK, N.A., Defendant–Appellee.

No. 13–50086.

United States Court of Appeals, Fifth Circuit.

March 16, 2015.

James Patrick Sutton, Austin, TX, Jeffrey W. Hurt, Hurt & Berry, L.L.P., Dallas, TX, for Plaintiffs–Appellants.

Gordon M. Shapiro, Robert M. Cohan, Brian Allan Kilpatrick, Michael Flynn West, Jackson Walker, L.L.P., Dallas, TX, for Defendant–Appellee.

Before STEWART, Chief Judge, and SOUTHWICK and COSTA, Circuit Judges.

PER CURIAM: *

This case involves Texas home equity loan restructurings that capitalized past-due interest, fees, taxes, and escrow into the principal of the Appellants' home equi-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ty loans. Appellants allege the restructurings were actually extensions of credit, which would require compliance with Article XVI, Section 50(a)(6) of the Texas Constitution. The Texas Supreme Court recently answered this question, however, and held that transactions of this sort are loan modifications that do not require compliance with Section 50(a)(6). *Sims v. Carrington Mortg. Servs., L.L.C.*, 440 S.W.3d 10, 17 (Tex.2014). For this reason, we AFFIRM the dismissal of Appellants' claims.

## I.

Charles J. Hawkins (Hawkins), William J. Cusick and Michelle E. Cusick (the Cusicks), and Maria C. Brooks (Brooks), on behalf of themselves and all others similarly situated (collectively, Appellants) brought suit in federal district court against JPMorgan Chase Bank, N.A. (JPMC) alleging various violations of Article XVI, Section 50(a)(6) of the Texas Constitution (Section 50(a)(6)). JPMC was servicing Appellants' loans, each of which originated with third-party lenders. The crux of Appellants' claims is that their transactions with JPMC were refinances of their home equity loans that required compliance with various provisions of Section 50(a)(6), instead of modifications that would not require Section 50(a)(6) compliance as JPMC contends.

Hawkins obtained a $320,000 home equity loan from Town & Country Credit Corporation in 2005. Hawkins defaulted on this loan some time before February 18, 2009. Hawkins and JPMC entered into an agreement to modify the loan in a manner that would capitalize past-due interest, property taxes, and insurance into the principal of the loan in the amount of $15,873.49, and the term of the loan was extended to April 1, 2035. The modification also allowed interest-only payments during the first five years following the modification. At the conclusion of this five-year period, JPMC would re-amortize the loan.

The Cusicks obtained a $268,000 home equity loan from CTX Mortgage Company, LLC in 2005. The Cusicks defaulted on this loan before April 1, 2009. The Cusicks and JPMC entered into an agreement to modify the loan that would increase the amount payable under the loan to $291,834.39. The increase represented a capitalization of past-due interest and escrow on the loan and did not alter the maturity date of the loan.

Brooks obtained a $190,000 home equity loan from Long Beach Mortgage Company in 2004. Brooks defaulted on this loan some time before March 1, 2012. Brooks and JPMC agreed to modify the loan under the Home Affordable Modification Program. Unpaid interest and escrow were to be capitalized into the principal of the loan in an amount more than $45,590.91, and the modification allowed for a balloon payment of $146,102.76 due at the end of the loan term on June 1, 2034.

JPMC moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), which the district court granted. Appellants filed this appeal.

## II.

"We review *de novo* a district court order granting a Rule 12(b)(6) motion to dismiss for failure to state a claim and may affirm on any basis supported by the record." *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir.2013) (citing *Torch Liquidating Trust ex rel. Bridge Assocs. v. Stockstill*, 561 F.3d 377, 384 (5th Cir.2009)). To survive a Rule 12(b)(6) motion, a complaint must set out "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

After this appeal was filed, the Texas Supreme Court answered questions certified by this court in a similar case presenting similar claims, *Sims v. Carrington Mortg. Servs., L.L.C.,* 538 Fed.Appx. 537, 547 (5th Cir.2013). The answers to these certified questions directly control the issues in this case. The Texas Supreme Court held that:

> the restructuring of a home equity loan that ... involves capitalization of past-due amounts owed under the terms of the initial loan and a lowering of the interest rate and the amount of installment payments, but does not involve the satisfaction or replacement of the original note, an advancement of new funds, or an increase in the obligations created by the original note, is not a new extension of credit that must meet the requirements of Section 50.

*Sims,* 440 S.W.3d at 17. Each transaction at issue here involved capitalization of past-due amounts under the loan without satisfying or replacing the original note, advancing new funds, or increasing the obligations created by the original note. Thus, the restructurings of Appellants' loans were modifications, which do not require compliance with Section 50(a)(6). *Id.*

As each transaction at issue is not bound by the requirements of Section 50(a)(6), Appellants' claims must fail. For this reason, we AFFIRM the dismissal of Appellants' claims under Rule 12(b)(6).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.