# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2015

Lyle W. Cayce
Clerk

No. 13-50086

CHARLES J. HAWKINS, on behalf of himself and all others similarly situated; WILLIAM J. CUSICK, on behalf of himself and all others similarly situated; MICHELLE E. CUSICK, on behalf of herself and all others similarly situated; MARIA C. BROOKS,

Plaintiffs - Appellants

v.

JP MORGAN CHASE BANK, N.A.,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-892

ON PETITION FOR REHEARING

Before STEWART, Chief Judge, and SOUTHWICK and COSTA, Circuit Judges.

PER CURIAM:*

IT IS ORDERED that the petition for panel rehearing is GRANTED and the opinion previously filed in this case, *Hawkins v. JP Morgan Chase Bank,*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50086

*N.A.*, No. 13-50086, 597 F. App'x 287, 2015 WL 1142804, is WITHDRAWN. The following opinion is substituted therefor:

This case involves Texas home equity loan restructurings that capitalized past-due interest, fees, taxes, and escrow into the principal of Appellants' home equity loans. Appellants allege the restructurings were actually extensions of credit, which would require compliance with Article XVI, Section 50(a)(6) of the Texas Constitution. The Texas Supreme Court recently answered this question, holding that transactions of this sort are loan modifications that do not require compliance with Section 50(a)(6), unless the restructuring "involve[s] the satisfaction or replacement of the original note, an advancement of new funds, or an increase in the obligations created by the original note." *Sims v. Carrington Mortg. Servs., L.L.C.*, 440 S.W.3d 10, 17 (Tex. 2014). Because it is unclear on our record whether Appellant Maria C. Brooks's restructuring involved an increase in the obligations created by the original note via a balloon payment, we VACATE the judgment of the district court and REMAND as to her claim. Because the remaining restructurings did not involve satisfaction and replacement of the original notes, any increase in obligations under the original notes, or any advancement of new funds, we AFFIRM the dismissal of those claims.

## I

Maria C. Brooks (Brooks), Charles J. Hawkins (Hawkins), and William J. Cusick and Michelle E. Cusick (the Cusicks) on behalf of themselves and all others similarly situated (collectively, Appellants) brought suit in federal district court against JPMorgan Chase Bank, N.A. (JPMC) alleging various violations of Article XVI, Section 50(a)(6) of the Texas Constitution (Section 50(a)(6)). JPMC was servicing Appellants' loans, each of which originated with third-party lenders. The crux of Appellants' claims is that their transactions with JPMC were refinances of their home equity loans that required

2

compliance with various provisions of Section 50(a)(6), instead of modifications that would not require Section 50(a)(6) compliance as JPMC contends.

Hawkins obtained a $320,000 home equity loan from Town & Country Credit Corporation in 2005. Hawkins defaulted on this loan some time before February 18, 2009. Hawkins and JPMC entered into an agreement to modify the loan in a manner that would capitalize past-due interest, property taxes, and insurance into the principal of the loan in the amount of $15,873.49, and the term of the loan was extended to April 1, 2035. The modification also allowed interest-only payments during the first five years following the modification. At the conclusion of this five-year period, JPMC would re-amortize the loan.

The Cusicks obtained a $268,000 home equity loan from CTX Mortgage Company, LLC in 2005. The Cusicks defaulted on this loan before April 1, 2009. The Cusicks and JPMC entered into an agreement to modify the loan that would increase the amount payable under the loan to $291,834.39. The increase represented a capitalization of past-due interest and escrow on the loan and did not alter the maturity date of the loan.

Brooks obtained a $190,000 home equity loan from Long Beach Mortgage Company in 2004. Brooks defaulted on this loan some time before March 1, 2012. Brooks and JPMC agreed to modify the loan under the Home Affordable Modification Program. Unpaid interest and escrow were to be capitalized into the principal of the loan in an amount more than $45,590.91, and the modification allowed for a balloon payment of $146,102.76 due at the end of the loan term on June 1, 2034.

JPMC brought a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), which the district court granted. Appellants filed this appeal.

3

No. 13-50086

## II

"We review *de novo* a district court order granting a Rule 12(b)(6) motion to dismiss for failure to state a claim and may affirm on any basis supported by the record." *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013) (citing *Torch Liquidating Trust ex rel. Bridge Assocs. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009)). To survive a Rule 12(b)(6) motion, a complaint must set out "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

After this appeal was filed, the Texas Supreme Court answered questions certified by this court in a similar case presenting similar claims, *Sims v. Carrington Mortg. Servs., L.L.C.*, 538 F. App'x 537, 547 (5th Cir. 2013). The Texas Supreme Court held that:

> the restructuring of a home equity loan that . . . involves capitalization of past-due amounts owed under the terms of the initial loan and a lowering of the interest rate and the amount of installment payments, but does not involve the satisfaction or replacement of the original note, an advancement of new funds, or an increase in the obligations created by the original note, is not a new extension of credit that must meet the requirements of Section 50.

*Sims*, 440 S.W.3d at 17. The Hawkins and Cusick transactions each involved capitalization of past-due amounts under the loan without satisfying or replacing the original note, advancing new funds, or increasing the obligations created by the original note. Thus, the restructurings of these loans were modifications, which do not require compliance with Section 50(a)(6). *Id.* Therefore, we affirm the dismissal of Hawkins's and Cusicks' claims.

## III

It is unclear from the record, however, whether Brooks's transaction involves an "increase in the obligations created by the original note." *Id.* at 17. The total payments due after the restructuring under Brooks's payment schedule equal $247,132.60. Following this schedule, the loan restructuring

4

No. 13-50086

documents also included a provision stating: "Notwithstanding the foregoing schedule, I agree that unless sooner paid, I will have a final balloon payment in the amount of $146,102.76 due and payable on the New Maturity Date." The district court found this provision to be a balloon payment—an apparent violation of Section 50(a)(6)(L)(i), which requires extensions of credit to be repaid "in substantially equal successive periodic installments."[1]

In *Sims*, the Texas Supreme Court held that a restructuring capitalizing past-due amounts owed under the initial loan is not an extension of credit requiring Section 50 compliance if the modification does not involve, among other things, "an increase in the obligations created by the original note." 440 S.W.3d at 17. On our record, it is uncertain whether Brooks's modification in fact represents an increase in the obligation created by her original home equity loan. On one hand, it is possible that the final payment does not increase the obligations under the original loan because many of Brooks's monthly payments are not much more than the accumulated interest. On the other hand, it is possible that the modified payment schedule accounts for the entire loan, recapitalization, and interest for the life of the loan, in which case the final payment, if owed in addition to the scheduled amounts, may represent an increase in the original obligation.

Although the district court stated that Brooks's restructuring was an apparent violation of Section 50, it relied on a savings clause in JPMC's standard security agreement that allows JPMC to reform loan documents that violate Section 50 by providing written notice to the borrower after JPMC receives notice of the violation. Brooks did not allege she had provided any written notice to JPMC other than via her First Amended Complaint in this case. The district court found the complaint insufficient to count as notice to

---

[1] The Texas Administrative Code, interpreting Section 50(a)(6)(L)(i), states that "[t]his requirement prohibits balloon payments." 7 Tex. Admin. Code § 153.11(3).

JPMC.

However, a Texas Court of Appeals recently held, in *Wells Fargo Bank, N.A. v. Leath*, 425 S.W.3d 525, 532 (Tex. App.—Dallas 2014, pet. denied), that a pleading in a lawsuit can constitute notice that triggers a 60-day lender cure period under Section 50(a)(6)(Q)(x). In *Leath*, the court held that an answer to a bank's application for foreclosure constituted sufficient notice of a constitutional violation where the answer stated that the loan violated the Texas Constitution by exceeding 80 percent of the value of the property. *Id.* at 532–33. The Texas Supreme Court denied the petition in *Leath*.

Because it is unclear on our record whether Brooks's modification represented an increase in the obligation created by her original loan, we VACATE and REMAND the dismissal of Brooks's claim for a determination of whether her modification violated Section 50. On remand, the district court should consider whether, in light of *Sims*, Brooks's modification violates Section 50(a)(6)(L)(i) and whether, in light of *Leath*, Brooks's First Amended Complaint constituted sufficient notice to JPMC. As to the dismissal of Hawkins's and the Cusicks' claims, we AFFIRM.